**In re Harry Lynn BENNETT, Rebecca Ann Bennett, Debtors.**

**Bankruptcy No. 98–51009–7.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Aug. 30, 1999.

David Langston, Mullin Hoard & Brown, Lubbock, TX, for debtors.

William B. Mateja, Lubbock, TX, Assistant U.S. Attorney.

Mark Tarbox, Tarbox & Miller, Lubbock, TX, Chapter 7 Trustee.

1. The parties' research indicates that this is a case of first impression.

2. This court has jurisdiction of this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A), and (B).

## MEMORANDUM OF OPINION CONCERNING CRIMINAL RESTITUTION

JOHN C. AKARD, Bankruptcy Judge.

The issue before the court is whether a federal criminal restitution judgment is entitled to priority in the criminal defendant's bankruptcy case.[1] The court finds that the judgment is not entitled to a priority under § 507(a)(8) of the Bankruptcy Code.[2]

### FACTS[3]

On November 1, 1996, Oliver Taylor Company West, Inc. (the Corporation), through its representative, Harry Lynn Bennett (Mr. Bennett), pled guilty to mail fraud and making a false tax return. The court fined the Corporation $40,000 and placed it on five years' probation. The court did not order restitution because restitution was "assessed to individual defendants who have pled guilty in related cases." On February 14, 1997, the Department of Justice (United States) filed a Notice of Lien for Fine in the records of the County Clerk of Lubbock County, Texas.

On November 1, 1996, Mr. Bennett pled guilty in the United States District Court to mail fraud and tax evasion. The court sentenced Mr. Bennett; to the following:

1. Imprisonment for 37 months;

2. Supervised release for three years;

3. A fine of $10,000, with interest to accrue if not paid within 15 days of the judgment;[4] and

4. Restitution of $117,206.25 payable to the United States District Clerk.

3. The court adopts the Stipulation of Facts filed by the parties on July 16, 1999. The court recites only those facts necessary to a decision in this matter.

4. The proof of claim filed in this bankruptcy case does not mention the fine, so the court must assume it was paid.

The order states "Payment shall begin while the defendant is incarcerated, and the balance shall be payable through monthly installments of at least $500 per month. It is ordered that restitution shall be paid in full by the end of the term of supervised release. Each payee shall receive a proportionate payment." Restitution payments were to be made to the following:

a. Treetop, Inc.—$38,007.00

b. Pace Foods—$63,256.75

c. American Rice—$11,229.00

d. Starkist Foods, Inc.—$4,713.50

Full restitution was $480,825.00, but only partial restitution was ordered against Mr. Bennett because partial restitution was imposed on other defendants who pled guilty in related cases. The court noted that the back taxes referred to in the indictment were paid. The United States did not file a notice of lien in the public records of Lubbock County, Texas with respect to Mr. Bennett's fine or restitution.

On August 27, 1998, Harry Lynn Bennett and Rebecca Ann Bennett filed for relief under Chapter 13 of the Bankruptcy Code. On October 7, 1998, the court converted the case to a liquidation under Chapter 7 of the Bankruptcy Code. Max R. Tarbox (Trustee) is the duly appointed and acting Trustee in the Chapter 7 case.

The schedules Mr. and Mrs. Bennett filed in their bankruptcy case listed unsecured claims of $256,550.18, not including the restitution judgment. They listed one of the restitution beneficiaries, "Tree Top Applejuice Co." as an unsecured creditor for $154,000.00. However, they listed none of the other restitution beneficiaries in their schedules. They stated that they did not owe any tax obligations. They listed the restitution obligation as an unsecured priority claim for the full amount of the restitution judgment with the address given as the United States District Clerk in Lubbock, Texas. The Bennetts scheduled secured claims of $213,135.17. In the secured claims they included $140,328.00 owed on their exempt homestead which they valued at $235,000.00. They valued the scheduled exempt property at $363,383.08 including the homestead, individual retirement accounts and various other assets. No one filed objections to the claimed exemptions. Consequently, they were allowed. FED.R.BANKR.P. 4003.

On January 11, 1999, the Bennetts filed a claim on behalf of the "United States District Court" for the full amount of Mr. Bennett's criminal restitution with a copy of the criminal judgment against Mr. Bennett attached. The United States did not file a claim in the bankruptcy case.[5] The United States is proceeding under the claim filed by the Debtors and received permission to change the designation of the claimant from the United States District Court to the United States. The claim, which is number 12 on the Clerk's claim register, states that it is an "unsecured priority claim" with the priority claimed under 11 U.S.C. § 507(a)(8) and 18 U.S.C. § 3613. The Trustee filed an objection to claim number 12, asserting that the claim is not entitled to priority. He agrees that it could be allowed as a general unsecured claim.[6]

## STATUTES

**18 U.S.C. § 3613.[7] Civil remedies for satisfaction of an unpaid fine.**

(a) **Enforcement.**—The United States may enforce a judgment imposing

---

**5.** A proof of claim by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief. FED.R.BANKR.P. 3002(c)(1). The filing of a voluntary petition constitutes an order for relief. 11 U.S.C. § 301.

**6.** At the hearing, the Trustee noted that some of the restitution claimants filed claims in the bankruptcy case. He will file objections to those claims to the extent that they include amounts which are included in claim number 12.

**7.** References in this opinion to § 3613 are

a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—

(1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from the enforcement of the judgment under Federal law;

(2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and

(3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

**(b) Termination of liability.**—The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined.

**(c) Lien.**—A fine imposed pursuant to the provisions of subchapter C of chapter 227 of this title, or an order of restitution made pursuant to sections 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b).

**(d) Effect of filing notice of lien.**— Upon filing of a notice of lien in the manner in which a notice of tax lien would be filed under section 6323(f)(1) and (2) of the Internal Revenue Code of 1986, the lien shall be valid against any purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor, except with respect to properties or transactions specified in subsection (b), (c), or (d) of section 6323 of the Internal Revenue Code of 1986 for which a notice of tax lien properly filed on the same date would not be valid. The notice of lien shall be considered a notice of lien for taxes payable to the United States for the purpose of any State or local law providing for the filing of a notice of a tax lien. A notice of lien that is registered, recorded, docketed, or indexed in accordance with the rules and requirements relating to judgments of the courts of the State where the notice of lien is registered, recorded, docketed, or indexed shall be considered for all purposes as the filing prescribed by this section. The provisions of section 3201(e) of chapter 176 of title 28 shall apply to liens filed as prescribed by this section.

**(e) Discharge of debt inapplicable.**—No discharge of debts in a proceeding pursuant to any chapter of title 11, United States Code, shall discharge liability to pay a fine pursuant to this section, and a lien filed as prescribed by this section shall not be voided in a bankruptcy proceeding.

**(f) Applicability to order of restitution.**—In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution.

**11 U.S.C. § 507(a)(8)** [8]

**§ 507. Priorities.**

(a) The following expenses and claims have priority in the following order:

references to this statute. The most recent amendment to this statute was effective April 24, 1996, which was prior to Mr. Bennett's

conviction. Consequently, the statute is applicable in this case.

**8.** References in this opinion to § 507 are references to this statute.

. . . .

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case.

. . . .

(G) a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss.

## DISCUSSION

### Discharge

■ No one objected to Mr. and Mrs. Bennett's discharge and the court granted their discharge on March 29, 1999. The effect of the discharge was to relieve them from personal liability on all of their debts except those which are specifically excepted from a bankruptcy discharge by an appropriate statute or those determined by court order to be non-dischargeable under the provisions of the Bankruptcy Code.

The restitution judgment was not discharged. § 3613(e) and (f).

Tree Top, Inc.[9] filed a complaint objecting to the dischargeability of the judgment which it holds against Mr. Bennett. The judgment was entered in the United States District Court for the Northern District of Texas, Fort Worth Division, for $104,-308.00 plus $50,000.00 exemplary damages together with court costs and interest. By an agreed judgment entered in the adversary proceeding on March 2, 1999, the parties stipulated that the judgment held by Tree Top, Inc. against Mr. Bennett was not discharged in his bankruptcy proceeding pursuant to 11 U.S.C. § 523.

### Lien

■ The lien granted to the United States for the restitution judgment in § 3613(c) and (f) is only effective against a trustee-in-bankruptcy if a proper notice of lien is filed under § 3613(d), because the trustee-in-bankruptcy occupies the same position as the parties protected under § 3613(d). *See,* 11 U.S.C. § 544. The United States acknowledged that it did not file a notice of its lien under § 3613(d).

### Property of the Estate

The only asset of the bankruptcy estate discussed at hearing was Mr. Bennett's 92% interest in the Corporation. Apparently, shortly after Mr. Bennett's criminal conviction, the Corporation sold some of its assets to a third party which is making payments at $10,000.00 per year. The balance owed on that obligation is believed to be approximately $120,000.00. Mr. Bennett (and, thus, his trustee-in-bankruptcy) owns 92% of the Corporation. At hearing, the attorneys assumed that the $10,000.00 payments would be made regularly and that the bankruptcy estate would receive 92% of that amount for distribution to creditors.[10] The United States asserts that if its restitution judgment is allowed

---

9. The restitution judgment lists this creditor as "Treetop, Inc." The adversary proceeding lists this creditor as "Tree Top, Inc."

10. Without further information concerning the assets, liabilities, and tax obligations of

the Corporation, the court is not willing to make that assumption.

priority status, the payments on that note will provide sufficient funds to almost, if not fully, satisfy the restitution obligation.

## Priority

 It should be noted that the Bankruptcy Code distinguishes secured from unsecured creditors. Secured creditors with properly perfected liens are allowed to foreclose on their collateral or to be paid in full if the trustee sells the collateral for more than the amount of the debt. All other claims are unsecured. In referring to priority debts, § 507 of the Bankruptcy Code means unsecured claims which Congress granted preferential payment treatment over general unsecured creditors' claims. Thus, the arguments by the United States as to its statutory liens have no bearing on determining priority status under § 507.

 Section 507 contains no express priority for criminal restitution judgments. The United States asserts that the restitution judgment is entitled to the priority awarded tax claims under § 507(a)(8) because of the references to tax law in § 3613. It is true that section 507(a)(8) awards priority to various unsecured tax claims. However, reference to the Internal Revenue Code is contained in § 3613(c) which provides that "an order of restitution ... is a lien in favor of the United States ... as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." Further references to the Internal Revenue Code of 1986 are contained in § 3613(d) which is entitled "Effect of filing notice of lien." That subsection describes the procedures for filing a lien and the effect of the filing of such a lien. The only other reference to the Internal Revenue Code in § 3613 is in subsection (a) which exempts from the levy property which is exempt from levy under specified sections of the Internal Revenue Code. Nowhere in § 3613 does a restitution judgment receive the same rights as an unsecured tax claim. Consequently, the provisions of § 507(a)(8) do not apply to a restitution judgment.

It should also be noted that under § 507(a)(8) only certain specific types of tax claims are given priority status. Many other tax claims are considered general unsecured claims. There is nothing in § 3613 that equates a restitution judgment with the specific types of tax claims which are made non-dischargeable by § 507(a)(8).

 The United States argues that the beneficiaries of the restitution judgment—which it refers to as the "victims"—should be given a priority status in a bankruptcy liquidation. There are two reasons why this argument cannot prevail. The first, and most obvious, is that courts are not permitted to establish bankruptcy policy; that is the special province of Congress. *In re Dant & Russell, Inc.*, 61 B.R. 668, 670 (Bankr.D.Or.1985), *aff'd*, 67 B.R. 360 (D.Or.1986), *aff'd in part and rev'd in part on other grounds*, 853 F.2d 700 (9th Cir. 1988). This court cannot create a new priority.

Second, Mr. and Mrs. Bennett filed a claim for the full amount of the restitution judgment. The claim form states "The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim." The United States adopted the claim filed by the Bennetts, with the change of designation from the United States District Court to the United States. Therefore, it appears that Mr. Bennett has not paid any of the "monthly installments of at least $500 per month" which he was ordered to make in the restitution judgment. The effect of allowing the restitution judgment priority in the bankruptcy case would be to make Mr. and Mrs. Bennett's other creditors the "victims" of his failure to pay the restitution judgment as ordered by the United States District Court. In substance, the first "victims" would be preferred over the second "victims" even though the first "victims" have the benefit of their debts not being discharged under § 3613(e), while the debts owing to the second set of "victims" have been discharged.

This court agrees with the conclusions of the *Limbaugh* court. *In re Limbaugh*, 194 B.R. 488 (Bkrtcy.D.Or.1996). Mr. Limbaugh was convicted of theft in state court and ordered to pay restitution. He filed a Chapter 13 case which proposed to pay the restitution obligation in full and not make any payment to his other unsecured creditors. The bankruptcy court denied confirmation of the plan because it discriminated against the other unsecured creditors. The court said:

> By allowing debtors to separately classify the restitution debt this court would reduce the impact of the criminal sanctions imposed by the state court by requiring debtors' innocent unsecured creditors to subsidize Mr. Limbaugh's criminal sanctions. Two purposes of criminal sanctions are to deter and to punish the wrongdoer. Both of these purposes are undermined when innocent creditors are required to help pay for a debtor's criminal sanctions.

*Id.* at 493.

■ In addition to the nondischargeable restitution judgment it holds, the United States can still file its lien. The lien would constitute a lien on all property acquired by Mr. Bennett subsequent to the bankruptcy filing and on his exempt property except as restricted by the Internal Revenue Code.

## CONCLUSION

The court holds that the restitution judgment held by the United States of America pursuant to § 3613 is not entitled to priority treatment in this bankruptcy case under § 524(a)(8). Therefore, claim No. 12 will be classified as a general unsecured claim.

ORDER ACCORDINGLY.[11]

11. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to FED.R.BANKR.P. 7052 which is made applicable to Contested Matters by FED.R.BANKR.P. 9014. This Memorandum will be published.